**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

WARREN COLLINS,                    )
                                   )
            Movant,               )
                                   )
v.                                 )            **CIVIL ACTION NO. 1:16-05807**
                                   )            **(Criminal No. 1:02-00102)**
UNITED STATES OF AMERICA,           )
                                   )
            Respondent.            )

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Movant's "Second or Successive Motion to Correct Sentence Under 28 U.S.C. § 2255" (Document No. 168), filed on June 27, 2016. By Standing Order, this matter was referred to the undersigned for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 170.)

**FACTUAL AND PROCEDURAL BACKGROUND**

A    **Criminal Action No. 1:02-00102:**

On May 8, 2002, Movant and co-defendant, James Scott, were charged in a two-Count Indictment. (Criminal Action No. 1:02-0102, Document No. 13.) In Count One, Movant and Mr. Scott were charged with conspiring to distribute cocaine base in violation of 21 U.S.C. § 846. (Id.) In Count Two, Movant was charged with possession with the intent to distribute a quantity of cocaine base, also known as "crack," a Schedule II controlled substance in violation of 21 U.S.C. § 841(a)(1). (Id.) Following a jury trial conducted on May 20 - 22, 2003, Mr. Scott was acquitted of Count One[1] and Movant was convicted of both Counts One and Two as charged in

---

[1]  Mr. Scott was not charged in Count Two of the Indictment. (Criminal Action No. 1:02-0102, Document No. 13.)

the Indictment. (Id., Document No. 89.) On May 27, 2003, Movant, by counsel, filed a Motion for Judgment of Acquittal and a Motion for New Trial. (Id., Document No. 99 and 100.) In support of the Motion for Judgment of Acquittal, Movant alleged that (1) the District Court erred by admitting evidence that was illegally obtained, (2) the District Court erred by accepting a logically inconsistent jury verdict, and (3) there was insufficient evidence to support the verdict that Movant actually possessed the crack cocaine with the intent to distribute. (Id., Document No. 99.) In his Motion for New Trial, Movant argued that he was entitled to a new trial based on (1) the defective jury selection, (2) the admission of inadmissible evidence, (3) there being insufficient evidence to support the verdict, and (4) the inconsistency of the verdict. (Id., Document No. 100.) By Memorandum Opinion and Order entered on July 17, 2003, the District Court denied Movant's Motion for Judgment of Acquittal and Motion for New Trial. (Id., Document No. 106.) A Presentence Investigation Report was prepared. (Id., Document No. 117.) Movant's Base Offense Level was determined to be 20, and it was recommended that Movant's sentence be enhanced to level 32 because he met the criteria for career offender status pursuant to U.S.S.G. § 4B1.1. (Id., ¶¶ 27 and 34.) Counsel made several objections to the presentence report, including an objection to Movant's status as a career offender. (Id., pp. 21 - 27.) Movant was sentenced on December 2, 2003. The District Court determined that Movant had a Base Offense Level of 20, and a Total Offense Level of 32, having increased the level pursuant to U.S.S.G. § 4B1.1. (Id., Document No. 128, Transcript of Sentencing Hearing, p. 16.) The District Court ordered that Movant serve a 216-month term of incarceration to be followed by a three-year term of supervised release.[2] (Id., Document No. 119.) The District Court also imposed a $200 special assessment. (Id.)

---

[2]  The District Court ordered that "Defendant is sentenced to 216 months as to Count One and

On December 12, 2003, Movant, by counsel, filed a Notice of Appeal. (Id., Document No. 120.) In his appeal, Movant argued that (1) the District Court erred in denying his motion to suppress; (2) there was insufficient evidence to support his conviction of possession with the intent to distribute; (3) Movant cannot be constitutionally convicted of conspiracy when his sole co-conspirator James Scott was acquitted; and (4) the District Court erred by sentencing him as a career offender under the Federal Sentencing Guidelines. The Fourth Circuit Court of Appeals affirmed Movant's conviction and sentence on June 20, 2005. United States v. Collins, 412 F.3d 515 (4th Cir. 2005).[3]

**B.      Section 3582 Motion:**

On October 23, 2008, the District Court notified Movant that pursuant to 18 U.S.C. § 3582(c)(2), it was considering whether Movant's sentence should be reduced based on the reduction in the applicable sentencing guidelines. (Criminal Action No. 1:02-0102, Document 148.) Subsequently, Responses were filed by the United States and Movant. (Id., Document No. 149 and 150.) By Memorandum Opinion and Order entered on February 11, 2009, the District Court denied Movant's Motion for a Sentence Reduction finding that Movant was sentenced as a career offender and the guideline range applicable to defendant was not lowered as a result of the amendment. (Id., Document No. 151.)

---

216 months as to Count Two, sentences to run concurrently. (Criminal No. 1:02-0102, Document No. 119.)

[3]   The undersigned notes that on November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently, the Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008. This retroactivity produces the opportunity for offenders to file petitions under 18 U.S.C. § 3582(c)(2) seeking sentence reductions.

**C.    First Section 2255 Motion:**

On June 21, 2006, Movant, acting *pro se*, filed his first Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Memorandum in Support. (Civil No. 1:06-00490, Document No. 141.) As grounds for *habeas* relief, Movant alleged as follows: (1) "Movant's actual innocence from conspiracy (one man conspiracy didn't meet the burden of proof of an actual conspiracy);" (2) "Formal order of consolidation from State Court on previous cases moved Movant to 'Career Offender' status;" (3) "Insufficient evidence of possession with intent to distribute;" (4) Ineffective assistance of counsel; and (5) "Use of Movant's Presentence Investigation Report (PSR) to enhance Movant's sentence." (Id., pp. 14 - 19.) In claiming ineffective assistance of counsel, Movant states that counsel failed to (1) "ask for separation of the co-defendant," (2) "raise the issue of the amount of drugs in the evidence bag during the trial," (3) "communicate with Movant about an appeal," and (4) "notify Movant of any pleas that could be raised." (Id., p. 17.) By Proposed Findings and Recommendations entered on May 6, 2009, United States Magistrate Judge R. Clarke VanDervort recommended that Movant's Section 2255 Motion be denied. (Id., Document No. 152.) Movant filed his Objections on May 20, 2009. (Id., Document No. 154.) By Memorandum Opinion and Judgment Order entered on September 30, 2009, United States District Jude David A. Faber adopted Judge VanDervort's recommendation and denied Movant's Section 2255 Motion. (Id., Document Nos. 155 and 156.)

**D.    Request for Authorization to File a Successive Section 2255 Motion:**

Subsequently, Movant filed with the Fourth Circuit a "Motion for Authorization to File a Successive Motion Under 28 U.S.C. § 2255" pursuant to 28 U.S.C. § 2244 based upon Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). In re: Warren Collins,

4

Case No. 16-9497 (4th Cir.). By Order entered on July 22, 2016, the Fourth Circuit granted Movant's Motion seeking authorization to file a second or successive application for relief under 28 U.S.C. § 2255. (Id., Document Nos. 174 and 175.)

**E.    Instant Section 2255 Motion:**

By Order entered on June 14, 2016, the Court appointed the Federal Public Defender to represent Movant to determine whether Movant may qualify for relief under Section 2255 in light of Johnson "and to present any petitions, motions, or applications relating thereto to the Court for disposition."[1] (Civil Action No. 1:16-05807, Document No. 165.) On June 27, 2016, Movant, by court-appointed counsel, Federal Public Defender Christian M. Capece and Assistant Federal Public Defender Ann Mason Rigby, filed a "Motion to Hold § 2255 Filing in Abeyance" and Movant's "Second Motion to Correct Sentence Under 28 U.S.C. § 2255." (Id., Document Nos. 168 and 169.) In support of his Section 225 Motion, Movant alleges that he is entitled to relief based upon the United States Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). (Id., Document No. 168.) Movant argues that he is entitled to relief under "Section 2255(f)(3) because he filed [his Motion] within one year of the Supreme Court's decision in Johnson – a ruling which established a 'newly recognized' right that is 'retroactively applicable to cases on collateral review.'" (Id.) Movant contends that in light of Johnson, he is no longer a career offender because his prior conviction for unlawful wounding no longer qualifies as "crime of violence." (Id.) In support, Movant explains that in Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague. (Id.) Movant, therefore, argues that "[i]t follows that the identical residual clause in the career offender provision, U.S.S.G. § 4B1.2(a)(2), is also void

---

[1]  The Order further stated that "[c]ounsel's representation pursuant to this appointment is limited

for vagueness." (Id.) Movant argues that he is entitled to relief under "Section 2255(h)(2) because *Johnson* establishes a 'new rule of constitutional law' that has been 'made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." (Id.) Thus, Movant concludes that his prior convictions do not trigger the application of the Section 4B1.1 career offender enhancement. (Id.) Movant contends that his prior conviction does not qualify as a crime of violence under the enumerated offenses or the force clause of the career offender provision. (Id.) Movant, therefore, argues that in light of Johnson, he no longer qualifies as a career offender, and his current sentence violates due process of law in violation of 28 U.S.C. § 2255(a). (Id.)

By Order entered on July 25, 2016, the undersigned denied as moot Movant's "Motion to Hold § 2255 Filing in Abeyance" after noting that the Fourth Circuit had recently granted Movant's request to file a successive Section 2255. (Id., Document No. 176.) By Order entered the same day, the undersigned directed the United States to file its Answer. (Id., Document No. 177.) On September 9, 2016, the United States filed its Motion to Withdraw Referral to Magistrate Judge and To Stay Case Pending Supreme Court Ruling. (Id., Document No. 178.) Specifically, the United States requests that the District Court (1) withdraw the referral of the case to the Magistrate Judge, and (2) stay the case pending resolution of Beckles v. United States, ___ U.S. ___, 136 S.Ct. 2510, 195 L.Ed.2d 838 (2016). (Id.) On September 23, 2016, Movant filed his Response in Opposition. (Id., Document No. 181.) On October 26, 2016, Judge Faber denied the United States' Motion to Withdraw Referral to Magistrate Judge and To Stay Case Pending Supreme Court Ruling. (Id., Document No. 182.)

On November 23, 2016, following the granting of an extension of time, the United States filed its Response to Movant's Section 2255 Motion. (Id., Document No. 184.) First, the United

---

to *Johnson* relief unless the presiding District Judge directs otherwise. (*Id.*, Document No. 165.)

States claims that Movant has not satisfied his burden of proving that <u>Johnson</u> made any difference in his original sentence. (<u>Id.</u>, pp. 4 – 6.) Second, the United States argues Movant's claims were not timely filed. (<u>Id.</u>, pp. 6 – 13.) Third, the United States contends that Movant "procedurally defaulted his claims and has not demonstrated good cause to excuse his default." (<u>Id.</u>, pp. 13 – 15.) Fourth, the United States argues that <u>Johnson</u> does not apply on collateral review of a sentence imposed under the Sentencing Guidelines. (<u>Id.</u>, pp. 15 – 21.) Finally, the United States claims that Movant's prior conviction for unlawful wounding is a crime of violence under the force clause. (<u>Id.</u>, pp. 21 – 28.)

Movant, by counsel, filed his Reply on December 7, 2016. (<u>Id.</u>, Document No. 185.) First, Movant argues that "*Johnson* applies to the residual clause of the career offender guideline, and announced a new rule of constitutional law made retroactive to cases on collateral review that was previously unavailable." (<u>Id.</u>, pp. 5 - 6.) Second, Movant argues that he "has no burden of production or persuasion to show that the district court relied exclusively on U.S.S.G. § 4B1.2(a)(2)'s residual clause in sentencing ["Movant"] as a career offender." (<u>Id.</u>, pp. 6 – 10.) Third, Movant contends that his Section 2255 Motion is timely because it was filed within one year of the Supreme Court's decision in <u>Johnson</u>. (<u>Id.</u>, pp. 10 – 13.) Fourth, Movant argues that he "meets the *Reed v. Ross* cause and prejudice standard and his motion is not procedurally defaulted." (<u>Id.</u>, pp. 13 – 15.) Finally, Movant argues that unlawful wounding is not a crime of violence. (<u>Id.</u>, pp. 15 – 19.)

On March 29, 2017, Movant, by counsel, filed his "Supplemental Memorandum in Support of § 2255 Motion to Correct Sentence" in light of the Supreme Court's decision in <u>Beckles v. United States</u>, ___ U.S. ___, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017). (<u>Id.</u>, Document No. 186.) Specifically, Movant argues that <u>Beckles</u> applies only to the current advisory Guideline scheme. (<u>Id.</u>) Movant claims that <u>Beckles</u> does not resolve his pending Section 2255

Motion because he was sentenced before United States v. Booker, 543 U.S. 220 (2005). (Id.) Movant stresses that "[i]n concluding that Beckles could not raise a vagueness challenge to the Guidelines, the [Beckles] Court repeatedly emphasized the advisory nature of the Guideline scheme under which Beckles was sentenced." (Id.) Movant explains that he was sentenced in 2003, when the Guidelines were mandatory. (Id.) Movant claims that "the mandatory Guideline scheme in place when [Movant] was sentenced did, in fact, 'fix' the sentence with the force of statute." (Id.) Movant, therefore, argues that the "basis for the Court's ruling in *Beckles* is inapposite to cases like [Movant's], who was sentenced when district courts applied mandatory Guidelines." (Id.)

On June 29, 2017, the United States filed its Response to Movant's Supplemental Memorandum. (Id., Document No. 188.) First, the United States argues that the "mandatory guidelines are not subject to vagueness challenges under Beckles." (Id.) The United States argues that in Beckles, the Supreme Court held that the Sentencing Guidelines are not subject to a void for vagueness challenge under the Due Process Clause. (Id.) Second, the United States argues that "the Fourth Circuit has rejected the argument on the merits that West Virginia unlawful wounding is not a 'crime of violence.'" (Id.)

On July 13, 2017, Movant filed his Reply. (Id., Document No. 189.) (Id.) First, Movant argues that the mandatory Guidelines are subject to a vagueness challenge. (Id.) Citing Beckles, Movant argues that "the void for vagueness doctrine applies not only to 'laws that *define* criminal offenses,' but to 'laws that *fix the permissible sentences* for criminal offense.'" (Id.) Movant argues that the "mandatory Guidelines did just that" by prescribing the "sentence to be imposed in a criminal case" and setting "the minimum and maximum sentences authorized by law." (Id.) Thus, Movant concludes that "[i]t is incorrect to suggest that for a provision to be subject to a vagueness challenge, it must be a statute enacted by Congress." (Id.) Movant claims

8

that "the mandatory Guidelines 'fix[ed] the permissible range of sentences.'" (Id.) Movant explains that the "Guidelines '[had] the force and effect of law,' because § 3553(b) mandated 'that the court '*shall* impose a sentence of the kind, and with the range' established by the Guidelines, subject to departures in specific, limited circumstances.'" (Id.) Second, Movant continues to argue that his prior conviction for unlawful wounding can no longer qualify as a crime of violence under the Guidelines." (Id.)

## ANALYSIS

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

9

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

In the instant case, Movant argues that he is entitled to relief based upon Johnson. In Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague and "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Johnson, ___ U.S. at ___, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or "violent felonies." The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year " that - - (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives,

or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B)(ii)(emphasis added). The italicized portion above is known as the ACCA's "residual clause." The Supreme Court determined the ACCA's "residual clause" to be unconstitutionally vague because its application was too "wide-ranging" and "indeterminate." Id. On April 18, 2016, the United States Supreme Court determined that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

In the instant case, Movant does not contend that he was sentenced under the ACCA. Movant, however, argues that Johnson should be extended to career offenders sentenced under the "residual clause" of the Guidelines. Movant was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1 because he had at least two qualifying prior convictions (a 1993 conviction for unlawful wounding and a control substance offense). Movant, however, contends that his prior West Virginia conviction for unlawful wounding no longer qualifies as a "crime of violence" under the "residual clause" of Section 4B1.2(a). Movant correctly notes that the "residual clause" in U.S.S.G. § 4B1.2(a) is textually identical to the "residual clause" of the ACCA (18 U.S.C. § 924(e)(2)(B)(ii)). U.S.S.G. § 4B1.2(a) defines "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year that – (A) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) is burglary of a dwelling, arson, or extortion, involves the use of explosive, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" U.S.S.G. § 4B1.2(emphasis added). The italicized portion above is known as the "residual clause" of Section 4B1.2. Identical to Section 4B1.2(a)'s "residual clause," the ACCA's "residual clause" defines "violent felony" as a crime that "otherwise involves conduct that

11

presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Based upon the identical definitions of "crime of violence" in Section 4B1.2(a)'s "residual clause" and "violent felonies" in the ACCA's "residual clause," Movant argues that <u>Johnson</u> applies retroactively and the "residual clause" of Section 4B1.2(a) of the Guidelines is unconstitutionally vague.

Subsequent to the filing of Movant's Section 2255 Motion, the United States Supreme Court issued its decision in <u>Beckles v. United States</u>, ___ U.S. ___, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017). On March 6, 2017, the United States Supreme Court held that the United States Sentencing Guidelines are not subject to a void for vagueness challenge under the Fifth Amendment in light of <u>Johnson</u>. <u>Beckles v. United States</u>, ___ U.S. ___, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017). The Supreme Court specifically determined that the "residual clause" of Section 4B1.2(a) was not unconstitutionally vague because that "[u]nlike the ACCA . . . the *advisory* Guidelines do not fix the permissible range of sentences." <u>Id.</u>(emphasis added) The Supreme Court explained that the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range," and thus are not subject to a vagueness challenge. <u>Id.</u> Notwithstanding <u>Beckles</u>, Movant continues to argue that he is entitled to *habeas* relief. Movant explains that the "basis for the Court's ruling in *Beckles* is inapposite to cases like [Movant's], who was sentenced when district courts applied mandatory Guidelines." Thus, Movant concludes that <u>Beckles</u> does not resolve his pending Section 2255 motion because he was sentenced before <u>Booker</u>, when the Guidelines were mandatory. Therefore, Movant concludes that his Section 2255 Motion is timely under Section 2255(f)(3) and he should be resentenced based upon <u>Johnson</u> and <u>Welch</u>.

In <u>United States v. Brown</u>, 868 F.3d 297 (4th Cir. 2017), the Fourth Circuit specifically

addressed this argument. In <u>Brown</u>, the petitioner requested the Court to "cobble together a right by combining *Johnson's* reasoning with that of two other Supreme Court cases, *Booker* and *Beckles*." <u>Id.</u> at 302. Specifically, Mr. Brown argued that the pre-*Booker*, mandatory "Sentencing Guidelines cabined a sentencing judge's discretion in a manner that raises the same concerns animating the Supreme Court's decision in *Johnson*; denying fair notice to defendants and inviting arbitrary enforcement by judges." <u>Id.</u> Mr. Brown then noted that "the *Beckles* Court carefully limited its holding to the advisory Sentencing Guidelines, thus, in his view, leaving open the question of whether defendants could challenge sentences imposed under the mandatory Sentencing Guidelines as void for vagueness." <u>Id.</u> The Fourth Circuit, however, concluded that Mr. Brown's argument was "self-defeating" because "[i]f the Supreme Court left open the question of whether Petitioner's asserted right exists, the Supreme Court has not 'recognized' that right." <u>Id.</u> The Fourth Circuit noted that Mr. Brown could only meet the AEDPA time bar if Supreme Court precedent rendered his motion timely by recognizing a new right entitling him to relief. <u>Id.</u> at 299. The Fourth Circuit determined that "neither *Johnson*, nor *Beckles*, nor any other Supreme Court case" has yet recognized the specific right of a defendant to obtain relief that was sentenced as a career offender under a mandatory-Guideline regime. <u>Id.</u> The Fourth Circuit explained that "*Johnson* only recognized that ACCA's residual clause was unconstitutionally vague" and it did not touch upon the residual clause of the United States Sentencing Guidelines. <u>Id.</u> at 303. The Fourth Circuit noted that "the *Beckles* Court expressly declined to address the issue of whether the pre-*Booker* mandatory Sentencing Guidelines are amenable to void-for-vagueness challenges." <u>Id.</u> at 300. Specifically, the Fourth Circuit stated that "*Beckles* only recognized that the advisory Sentencing Guidelines are not amenable to vagueness challenges." <u>Id.</u> Thus, the Fourth Circuit determined that "*Beckles* confirms that the

13

Supreme Court has yet to recognize a broad right invalidating all residual clauses as void for vagueness simply because they exhibit wording similar to ACCA's residual clause." Id. at 302. Accordingly, the Fourth Circuit determined that Mr. Brown "raise[d] an untimely motion in light of § 2255(f)(3)'s plain language, the narrow nature of *Johnson's* binding holding, and *Beckles's* indication that the position advanced by Petitioner remains an open question in the Supreme Court." Id. at 303.

Based upon the foregoing, the undersigned finds that Movant's Section 2255 motion should be dismissed as untimely. See Jerecki v. United States, 2018 WL 259396 (S.D.W.Va. Jan. 2, 2018)(J. Johnston)(finding that a *Johnson* claim filed by a petitioner, who was sentenced as a career offender under the mandatory U.S.S.G., was untimely under Section 2255(f)(3)); also see United States v. Harris, 2018 WL 1586431 (D.S.C. April 2, 2018)(finding that petitioner's 2255 motion seeking to attack his sentence imposed under the mandatory Guidelines based upon *Johnson* and *Welch*, does not fall under the statute of limitations in Section 2255(f)(3)); United States v. Reyes, 2018 WL 1541983 (E.D. Va. March 29, 2018)(same). Furthermore, the undersigned finds that Movant fails to present any other basis for finding that his predicate offenses do not satisfy the criteria for career offender status that can be considered timely and appropriately asserted in the above proceedings.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's "Second or Successive Motion to Correct Sentence Under 28 U.S.C. § 2255" (Document No. 168), and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**,

and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to counsel of record.

Date: May 3, 2018.

Omar J. Aboulhosn
United States Magistrate Judge