# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BLUEFIELD

**WARREN COLLINS,**

    **Movant,**

**v.**                                  **CIVIL ACTION NO. 1:16-05807**
                                         (Criminal No. 1:02-00102)

**UNITED STATES OF AMERICA,**

    **Respondent.**

## MEMORANDUM OPINION AND ORDER

    Pending before the court is movant's "Second or Successive Motion to Correct Sentence Under 28 U.S.C. § 2255." ECF No. 168. By Standing Order, this matter was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of proposed findings and recommendation ("PF&R") for disposition pursuant to 28 U.S.C. 636(b)(1)(b). ECF No. 170. The magistrate judge submitted his PF&R on May 3, 2018. ECF No. 190. In the PF&R, Judge Aboulhosn recommended that the court deny movant's motion and remove this matter from the court's docket.

    In accordance with the provisions of 28 U.S.C. § 636(b), petitioner was allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendation. The failure to file such objections constitutes a waiver of the right to a de novo review

by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989). It is worth noting that this court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Movant, through counsel, filed objections on May 16, 2018. ECF No. 191.

**I.   BACKGROUND**

After his indictment and a May 2003 jury trial, Warren Collins was convicted in this court of two counts: 1) conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846; and 2) possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). See United States v. Collins, Criminal Action No. 1:02-00102, ECF No. 13. At movant's sentencing hearing in December 2013, this court determined that he met the criteria for career offender status pursuant to United States Sentencing Guideline § 4B1.1 because of two prior convictions: 1) unlawful wounding; and 2) a controlled substance offense. Consistent with the Guidelines, movant's base offense level of 20 was increased to a total offense level of 32, and he was sentenced to a 216-month term of imprisonment followed by a three-year term of supervised release.

The movant filed a motion for a new trial, appealed his conviction to the Fourth Circuit Court of Appeals, filed a Section 3582 motion for reduced sentenced based on a reduction in applicable sentencing guidelines regarding cocaine base, and filed his original § 2255 motion.  Each motion was either denied or this court's sentence affirmed.  Id. at ECF Nos. 89, 99, 100, 151, 155, 156; United States v. Collins, 412 F.3d 515 (4th Cir. 2005).  In July 2016, the Fourth Circuit granted movant's motion to file a second § 2255 claim in light of the Supreme Court's decision in Johnson v. United States, -- U.S. --, 135 S. Ct. 2551 (2015), and the Federal Public Defender was appointed to represent him.  ECF Nos. 165, 174, 175.  This action followed.

## II.  DISCUSSION

To explain movant's action, first the court must explain the present legal landscape.  Under 28 U.S.C. § 2255, a prisoner may move to have his sentence vacated or corrected if it "was imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255(a).  A § 2255 motion must be filed within one year from the date on which a petitioner's conviction becomes final unless an exception applies.  Id. at § 2255(f)(1). Movant's conviction occurred in 2003 (more than one year ago), thus he must rely upon an exception.  Movant relies on the exception established by § 2255(f)(3), whereby a motion is timely if (1) it "assert[s] . . . [a] right . . . newly

3

recognized by the Supreme Court," (2) the movant's action arises within one year from "the date on which the right asserted was initially recognized by the Supreme Court," and (3) the Supreme Court or controlling Court of Appeals has declared the right retroactively applicable on collateral review. Id. at § 2255(f)(3); Dodd v. United States, 545 U.S. 353, 358–59 (2005). Only the Supreme Court, not the controlling Court of Appeals, may "recognize" a new right under § 2255(f)(3). See Dodd, 545 U.S. at 357–59.

Pertinently, the Armed Career Criminal Act ("ACCA") defined a "violent felony" as a crime punishable by imprisonment for a term exceeding one year "that – (i) has an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves the use of explosives <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>." 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added). The underlined portion is known as the ACCA's "residual clause." The Supreme Court in Johnson v. United States held that this "residual clause" was unconstitutionally vague, and in doing so established a recognized right meeting the first prong of § 2255(f)(3). 135 S. Ct. 2551. The Supreme Court later announced that this right was retroactively applicable, Welch v. United States, 136 S. Ct. 1257, 1265 (2016), satisfying the third prong

4

of § 2255(f)(3).  Therefore, so long as a movant complies with the one-year limitation created by prong two of § 2255(f)(3), they may challenge the constitutionality of a conviction established under the ACCA's residual clause.

Textually identical residual clauses to the ACCA's residual clause are included in a number of other criminal statutes. Recently, the Supreme Court in Beckles v. United States held that advisory guideline sentences that include residual clauses that are textually identical to the ACCA "are not subject to vagueness challenges under the Due Process Clause."  137 S. Ct. 886, 890 (2017).  However, the Supreme Court confined its opinion only to sentences that are advisory, not mandatory, upon district courts.  See id. at 890, 892, 896, 897; see also id. at 903 (Sotomayor, J., concurring) (stating that the majority opinion "leaves open" the question of whether mandatory Guideline sentences are subject to vagueness challenges). Therefore, this created ambiguity for instances of textually identical residual clauses related to mandatory sentences.  This includes all criminal sentences that occurred before the Supreme Court's 2005 ruling in United States v. Booker, 543 U.S. 220 (2005), which determined that the Guidelines were no longer mandatory upon district courts.

Filling this void, the Fourth Circuit construed the right established in Johnson to apply only to the ACCA's residual

5

clause and not to other mandatory residual clauses.  See United States v. Brown, 868 F.3d 297, 304 (4th Cir. 2017).  The Fourth Circuit observed, "[i]f the Supreme Court left open the question of whether Petitioner's asserted right exists, [then] the Supreme Court has not 'recognized' that right."  Id. at 302; see also Hamilton v. United States, No. 1:16-CV-05806, 2017 WL 7049171, at *3 (S.D.W. Va. Dec. 11, 2017) (Eifert Mag. J.), report and recommendation adopted, No. CR 1:95-00174, 2018 WL 539332 (S.D.W. Va. Jan. 24, 2018) ("Therefore, the Fourth Circuit held that at least for purposes of collateral review, courts must wait for the Supreme Court to rule that the residual clause in the mandatory version of the Guidelines is unconstitutionally vague.").  Because no recognized right has been created outside Johnson and the ACCA's residual clause, Brown's § 2255 motion was dismissed as untimely because it did not satisfy the exception of § 2255(f)(3).

Movant advances the same argument rejected by the Fourth Circuit in Brown – that the recognized right in Johnson should be extrapolated to Sentencing Guideline § 4B1.1 whereby career offender status is determined.  Specifically, movant claims that his prior conviction for malicious wounding is no longer an applicable conviction for career offender designation because it fell under the residual clause of Guideline § 4B1.1.  Moreover,

6

movant's sentence was mandatory because it occurred in 2003 pre-Booker.

Nevertheless, as detailed above, the Fourth Circuit has determined that the recognized right under Johnson may not be applied to other mandatory and textually identical residual clauses. See Brown, 868 F.3d 297. Movant concedes as much in his objections, which merely seek "to preserve the issue for further review." ECF No. 191 at p.2. Therefore, since movant's dispute is with Brown and not the magistrate judge, the court need not engage in a de novo review or digress into a further discussion to resolve this motion. See Orpiano, 687 F.2d at 47-48. Accordingly, the court dismisses movant's motion as untimely.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing

7

standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

## III. CONCLUSION

Accordingly, the court **OVERRULES** movant's objection to the magistrate judge's PF&R.  The court **ADOPTS** the factual and legal analysis contained within the PF&R; **DENIES** Movant's "Second or Successive Motion to Correct Sentence Under 28 U.S.C. § 2255," (ECF No. 168); **DISMISSES** movant's action without prejudice; and **DIRECTS** the Clerk to remove this matter from the court's docket.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 9th day of July, 2018.

ENTER:

*David A. Faber* (signature)

David A. Faber
Senior United States District Judge